JS - 6      LINK: 4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

| Case No. | CV 13-05721 GAF (MRWx) | Date | August 16, 2013 |
|---|---|---|---|
| Title | RJ Moon Inc et al v. Iqbal Ashraf et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Stephen Montes | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     (In Chambers)

## ORDER REMANDING CASE

### I.
### INTRODUCTION & BACKGROUND

On July 22, 2013, Plaintiff R.J. Moon, Inc., Trust A of the RJ & EB Moon Trust Dated 05/30/1991 filed an unlawful detainer action in Los Angeles County Superior Court against Defendant Iqbal Ashraf. (Docket No. 1, [Notice of Removal ("Not.")], Ex. A [Compl.].) The action was filed as a limited jurisdiction action, seeking no more than $10,000. (Id.) Plaintiff alleges that on or about July 8, 2013, Plaintiff purchased the Property at issue, located in Los Angeles, California, at a trustee's sale. (Id. ¶¶ 3-4; id., Ex. 1 [Trustee's Deed].) On July 18, 2013, Plaintiff served a written notice to quit and deliver possession of the Property within three days after service of the notice. (Id. ¶¶ 6-7.) Defendant refused to deliver possession and remains in possession of the property without Plaintiff's permission or consent. (Id. ¶¶ 8-10.) Plaintiff seeks holdover damages in addition to possession. (Id. ¶¶ 11-12; id. at 3.)

On August 7, 2013, an individual by the name of Muhammad Latif, who is not named as a defendant in the underlying Complaint, removed this action to this Court, in pro per, invoking the Court's diversity jurisdiction. (Not. at 1, ¶ 3.) For the reasons set forth below, the Court concludes, sua sponte, that Mr. Latif failed to establish this Court's subject matter jurisdiction. Accordingly, the Court **REMANDS** the case to Los Angeles County Superior Court. Given this Order, Plaintiff's pending ex parte application to remand, (Docket No. 4), is **DENIED as moot**.

/ / /

JS - 6   **LINK: 4**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

| Case No. | CV 13-05721 GAF (MRWx) | Date | August 16, 2013 |
|---|---|---|---|
| Title | RJ Moon Inc et al v. Iqbal Ashraf et al | | |

## II. DISCUSSION

### A. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "[A] court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action . . . ." Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002); see also United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 966 (9th Cir. 2004) ("Here the district court had a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not."). The Ninth Circuit has held that courts must "strictly construe the removal statute against removal jurisdiction" and reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. (quotations and citations omitted).

Section 1332 confers federal courts with original jurisdiction over "all civil actions where the matter in controversy exceeds . . . $75,000 . . . and is between . . . citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2). "Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity, i.e. every plaintiff must be diverse from every defendant." Osborn v. Metropolitan Life Ins. Co., 341 F. Supp. 2d 1123, 1126 (E.D. Cal. 2004). A "natural person's state citizenship is [] determined by her state of domicile, not her state of residence." Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). A corporation is a "citizen of any State by which it has been incorporated **and** of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1) (emphasis added).

### B. APPLICATION

Regarding citizenship, Mr. Latif asserts that Plaintiff is a California corporation and therefore a citizen of California and he "is a resident of UAE (Saudi Arabia)." (Not. ¶¶ 4, 5.) Regarding the amount in controversy, Mr. Latif asserts that Plaintiffs are seeking $2.4 million dollars, ostensibly the value of the loan Mr. Latif and/or Defendant took out on the Property and subsequently defaulted on. (Id. ¶ 7.)

The Court finds that on the basis of Mr. Latif's allegations and the Complaint, subject matter jurisdiction is lacking. Mr. Latif's allegations are plainly inadequate. Regarding

JS - 6     **LINK: 4**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-05721 GAF (MRWx) | Date | August 16, 2013 |
|---|---|---|---|
| Title | RJ Moon Inc et al v. Iqbal Ashraf et al | | |

citizenship, Plaintiff is a corporation. (Compl. ¶ 1.) Mr. Latif alleges only Plaintiff's place of incorporation, leaving out entirely Plaintiff's principal place of business. Further, Mr. Latif only alleges his place of residence, not his place of citizenship. More importantly, Mr. Latif fails to allege the citizenship of the only Defendant actually named in the Complaint. And finally, Mr. Latif wholly fails to substantiate his allegation regarding the amount in controversy. This is an unlawful detainer action, and "[t]he amount in controversy in an unlawful-detainer action is . . . determined by the amount of damages sought in the Complaint, not by the value of the subject property." Fannie Mae v. Herrera, 2013 U.S. Dist. LEXIS 51924, at *5 (C.D. Cal. April 10, 2013). Accordingly, the Complaint - which seeks no more than $10,000 in damages - precludes finding diversity jurisdiction applicable.

      It is evident that the Court lacks subject matter jurisdiction over this action, and therefore the Court must remand this case.

### III.
### CONCLUSION

      For the foregoing reasons, subject matter jurisdiction has not been established in this case. Accordingly, the Court **REMANDS** the action to Los Angeles County Superior Court. Plaintiff's pending ex parte application to remand is therefore **DENIED as moot**.

      **IT IS SO ORDERED.**